James SMITH, Plaintiff,

v.

Dr. Otis R. BOWEN, M.D., Secretary of
Health and Human Services,
Defendant.

No. 86 C 7213.

United States District Court,
N.D. Illinois, E.D.

June 19, 1987.

Bernard Davis, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., Anton Valukas, U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

Pending are cross-motions for summary judgment filed by Plaintiff James Smith ("Smith" or "Claimant") and Defendant Dr. Otis R. Bowen, Secretary of Health and Human Services ("Secretary" or "Defendant"). Claimant seeks review of a final decision of the Secretary denying his application for Supplemental Security Income ("SSI") and Disability Insurance benefits. Claimant seeks reversal of the Secretary's determination or, alternatively, remand to the Secretary for consideration of new evidence.

### I. *Background*

On December 13, 1984, Smith applied for Disability Insurance benefits (R. 46–49) and for SSI (R. 60–69). The Secretary denied the applications on April 23, 1985, finding Smith not disabled (R. 50–51, 70). Smith filed for reconsideration on May 7, 1985 (R. 55). The decision denying disability and SSI benefits was affirmed on reconsideration on July 9, 1985 (R. 56–57, 73–74). Smith timely requested a hearing before an administrative law judge ("ALJ") (R. 78) which was held March 20, 1986 (R. 25–45). On June 10, 1986, the ALJ denied Claimant's application for benefits (R. 8–12). The Appeals Council affirmed the ALJ's determination on September 3, 1986 (R. 3–4), thus finalizing the Secretary's determination. Smith timely filed for review in this court.

### II. *Standard of Review*

The scope of judicial review of a decision by the Secretary denying benefits is governed by 42 U.S.C. § 405(g). The Secretary's factual findings are conclusive as long as they are supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Disability under both Title II and Title XVI of the Social Security Act is defined as

the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(2)(A), 1382c(a)(3)(A).

In the instant case, the ALJ found Smith not disabled at any time through the date of his decision, June 10, 1986 (R. 12). Smith asserts on review that (1) the ALJ erred in determining that his insured status terminated on December 31, 1984; (2) the ALJ's finding of no disability was not supported by substantial evidence; and (3) the case should be remanded so the Secretary can consider some new evidence.

### III. *Smith's Insured Status*

We can dispose quickly of Smith's first stated basis for remand. Smith asks that we remand his case so the Secretary can properly determine whether Smith was disabled on the date his insured status terminated. We assume, but do not decide, that Smith correctly states that his insured status terminated later than December 31, 1984 (the date used by the ALJ). Nevertheless, a remand would be futile. The ALJ explicitly determined that not only was Smith not disabled as of December 31, 1984, but Smith was not disabled as of June 10, 1986. Smith does not argue that his insured status continued beyond June 10, 1986. A remand to the ALJ is unnecessary because the ALJ has determined Smith was not disabled on the latest date on which his insured status could have terminated. Accordingly, we do not address any other issue related to Smith's insured status presented by the parties.

### IV. *New Evidence*

Smith's second basis for remand is the availability of new evidence demonstrating that Smith is disabled. The new evidence consists of two letters from Dr. Edrosa. The first, dated January 26, 1987, indicates that Smith continues to suffer "chest pains mostly pleuritic and anginal" and that Smith "cannot resume his regular job be-

cause of limited capacity on exertion." The second letter, which is undated, states that Smith is under Dr. Edrosa's care for accelerated angina, congestive heart failure and coronary artery disease. The letter further indicates that Smith is unable to do any activity and is limited to just light activity and complete bed rest, and that he is scheduled for arteriography and possible coronary bypass.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides that courts may "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record at a prior proceeding." This provision was added in 1980, Pub.L. 96–265, § 307, in order to narrow the reviewing court's discretion to remand for additional evidence. The earlier version provided "[t]he court ... may, at any time, on good cause shown, order additional evidence to be taken before the Secretary." Clearly, Congress intended that courts examine the evidence proposed to be presented on remand and determine if that evidence is "material." Congress also intended that courts determine whether there is a good reason why this evidence was not presented the first time.

The "new" evidence presented to us does not warrant remand. Dr. Edrosa's letter of January 26, 1987, is the same letter that appears in the record at page 121, except that Dr. Edrosa now adds, "[i]n my medical opinion, his condition in December 31, 1984 was related to the present condition he has now." The bulk of the letter has already been considered by the ALJ, and therefore is not "new" at all. The sentence just quoted is unsupported by any medical evidence. Besides, the opinion that Smith's condition in December 31, 1984 "was related" to his present condition is irrelevant, in light of that fact the ALJ found Smith not disabled in the present. Hence, we conclude that the letter of January 26, 1987 is not "material."

The second letter is similarly unpersuasive. It is undated; thus, we cannot

tell if it is new. Also, there is no medical evidence supporting Dr. Edrosa's opinion of disability. Even if we decide that Dr. Edrosa's second letter offered material evidence, Smith has offered no justification for not presenting this evidence to the ALJ. There is no way for us to tell if the evidence was available back in March 1986 when the hearing before the ALJ occurred. Smith, in his briefs filed with this court, conclusorily states that "good cause exists for plaintiff's failure to previously present" the evidence. Reply Brief at 5. However, the only "good cause" mentioned is that the evidence allegedly was "unavailable at the time of the hearing." Brief in Support at 3. No support for this statement is provided, however. We cannot remand on the basis of the second letter, because it is not material and good cause has not been established. Therefore, we decline to remand on the basis of new evidence.

## V. *Substantial Evidence*

Smith seeks reversal of the ALJ's determination that Smith was able to perform his past relevant work, on the grounds that the decision was not supported by substantial evidence. The parties adequately summarize the relevant evidence in their memoranda, so we need recite the evidence presented to the ALJ only briefly.

Smith's past relevant work was as a car painter (R. 91). The job required him to carry tools weighing up to 10 pounds, and to repeatedly bend and stoop (R. 34). Smith stopped working in July 1983 because of chest pains (R. 35). There is no medical evidence in the record reflecting any physiological maladies suffered by Smith prior to July 1983 other than a broken arm when he was 17 years old (Smith was 58 years old when he filed his application for benefits December 13, 1984) (R. 46).

In December 1984, one of Smith's treating physicians reported no respiratory problems, and opined that his chest pains were probably fibromyalgia (R. 109). Fibromyalgia is pain due to inflammation of the connective tissues of muscles.

In March 1985, Smith presented himself at Cook County Hospital complaining of left leg pain (R. 111). Upon admittance, he stated he had been in good health until recently (R. 111). He was went home with medication and instructions to return if pain continued (R. 112).

In November 1985, Smith was admitted to St. Anne's Hospital complaining of crushing chest pains (R. 122–23). The primary diagnosis was suspected myocardial infarction (heart attack) (R. 123). A full battery of tests were performed under the guidance of Dr. Edrosa, and the final diagnosis was pneumonia with pleural effusion, acute pericarditis, and pericardial effusion (R. 122). Smith was discharged in good condition (R. 123). On discharge, Smith was instructed to visit Dr. Edrosa in about two weeks, rest, engage in only light activity, and stay on medication (R. 124). At the hearing before the ALJ, Smith testified he had chest pains when he moves around too much and shortness of breath when he walked more than half a block (R. 36–38). The ALJ requested that Smith visit a consulting physician for further evaluation.

Smith visited Dr. S.J. Hasanain, a specialist in cardiovascular diseases (R. 149–158). Dr. Hasanain reported that Smith claims that since he was discharged from the hospital he has been having pains in his left chest and arm. Smith was "very vague about the character of the pain" (R. 149). Dr. Hasanain described Smith as a well-developed, well-nourished man walking and limping with the help of a cane, keeping his left hand by his side (R. 149). Dr. Hasanain reported "no swelling, tenderness or limitation of motion of any joints. Patient is able to move all four extremities when his attention is diverted, however, he refuses to use the left arm" (R. 150). The final impression was "chest pains, secondary to hypochondriasis. No objective evidence of any significant arthritis in the knee" (R. 150). A treadmill stress test revealed Smith capable of exercising to 6 METS (a level corresponding to moderate exercise) (R. 151). Dr. Hasanain concluded that Smith had no limitation on any physical activity (R. 157–158).

Smith claims that there was insufficient evidence for the ALJ to conclude he was not disabled. We disagree. The opinion of Dr. Hasanain, formed after he conducted an examination and stress tests is enough evidence by itself to support a finding of no disability.

Smith takes issue with the ALJ's decision to afford greater weight to the opinion of a consulting physician than to that of his treating physician. However, the ALJ's decision was not error. In *Stephens v. Heckler*, 766 F.2d 284 (7th Cir. 1985), the Seventh Circuit held that an ALJ may give greater weight to the opinion of a consulting physician because the consulting physician may bring something to the case the treating physician lacks. The consulting physician may bring impartiality and expertise in disability matters, *Stephens*, 766 F.2d at 289; or, he may bring superior medical knowledge. *See Garrison v. Heckler*, 765 F.2d 710, 713 (7th Cir.1985). Here, Dr. Hasanain, a specialist in cardiovascular diseases, examined Smith and found him not disabled. We are in no position to second-guess the ALJ as to which physician, Dr. Hasanain or Dr. Edrosa, is correct. The ALJ had to decide which physician to credit, and he could properly credit Dr. Hasanain over Dr. Edrosa. The ALJ's determination is supported by substantial evidence and must be affirmed.

## Conclusion

Accordingly, Smith's motion for summary judgment is denied and Defendant's motion for summary judgment is granted. The ALJ's decision that claimant is not disabled is affirmed.